[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR ALIMONY, PENDENTE LITE (#109)
The parties were married in New York, New York, on December 14, 1970. They have two children, Michael, who has reached his majority, and Annette, who will be 18 on July 16. Both children have finished high school and live with the plaintiff wife ("wife') at the marital home at 176 Byram Shore Road, Greenwich. The defendant husband ("husband") lives CT Page 8339 in another marital property at 161 East Elm Street, Greenwich. The husband is a Senior Engineer with Sony Music Entertainment and earns approximately $71,000 per year. The wife is an accountant and earns approximately $63,000 at that occupation. In addition, she collects rentals from the family home, which she testified are virtually offset by the mortgages, and she has a modest bookkeeping service on the side. On top of that; she manages-her daughter's career as a competitive ballroom dancer. According to a copy of her 2001 tax return and her financial affidavit, the latter two endeavors are also losing propositions. The court is not entirely satisfied with the complete accuracy of these documents and her testimony in this regard. However, taking all this into account, the court believes that the wife's net income is slightly more than the husband's, to wit: $986.00 per week for the wife and $940.00 per week for the husband.
The wife has filed a Motion for Pendente Lite Alimony (#109), as to which the court believes that it is appropriate to treat as a motion for both alimony and child support pendente lite. She has asked that any award be retroactive to March 22, 2002. The husband has filed a Motion for Sanctions (#129), based upon the large number of motions filed by the wife, most of which he claims are frivolous. The court has taken into consideration the fact that the wife is representing herself, although it notes that proportionally she has filed more motions than her husband and that some of them are unconventional and/or are inappropriate in a matrimonial action. The court feels that under the circumstances todate, sanctions do not lie at this time, however, the court herebycautions and admonishes the wife to exercise more discretion and restraint with regard to any future pleadings.
 FINDINGS
1. That the presumptive basic child support is $319.00 per week; and that the husband's share is $155.00.
2. That it is equitable and appropriate that the order of this court be retroactive to March 22, 2002; and that as of the date of this order there is an arrearage of unallocated alimony and child support in the amount of in the amount of $4,000.00 ($250.00 x 16 weeks).
3. The Court finds that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
 ORDER
CT Page 8340
1. Commencing March 22, 2002, and weekly thereafter, the husband shall pay to the wife the sum of $250.00 as and for periodic unallocated alimonyand child support, until the death of either party, August 1, 2002, or further order of court, whichever shall sooner occur; thereafter, the husband shall pay to the wife $100.00 per week as and for periodicalimony, until the death of either party or further order of court, whichever shall sooner occur.
2.Commencing August 1, 2002, and weekly thereafter, the husband shall pay to the wife the sum of $50.00 until such time as the arrearage in the amount $4000.00 is paid in full.
3. An Immediate wage withholding order is hereby entered pursuant to General Statutes § 52-362 to secure the financial orders of the court.
4. The defendant's Motion for Sanctions (#129) is HEREBY DENIED.
THE COURT
 ___________________ SHAY, J.